UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

**Dale Miller,**
        **Plaintiff,**

        vs.        04-1016

**Lt. Bruce R. Fisher, et al.,**
        **Defendants.**

**ORDER**

      Before the court are the plaintiff's Motions to Compel [68] and [69], filed on August 29, 2007. Having considered the plaintiff's motions and the defendants' responses [72] and 73].

      Considering the Plaintiff's first Motion to Compel Discovery [68], the Plaintiff does not dispute that Defendant Stambaugh submitted timely responses to Plaintiff's First Request for Interrogatories on June 10, 2004 and her timely response to Plaintiff's Second Set of Interrogatories was sent to Plaintiff on May 17, 2007. Further, Plaintiff does not dispute that Defendant Fisher submitted timely responses to Plaintiff's First Request for Interrogatories on May 17, 2007. Further, the Plaintiff does not dispute that Defendant Battles' timely Objections to Plaintiff's First Request for Interrogatories and Production of Documents were submitted on June 25, 2007 or that Defendants Trancoso, Birkey and Rains sent Plaintiff a letter on July 31, 2007, advising him that they objected to the Interrogatories they received from him on July 5, 2007 because they were untimely. In the May 7, 2007 order, the court set a July 31, 2007 discovery deadline. Further the court ordered that the parties shall abide by the scheduling deadlines set in this order. Finally, the court ordered that written requests for discovery must be served on a party at least 30 days before the discovery deadline and motions to compel must be filed within 14 days of receiving an unsatisfactory response to a timely discovery request. The Plaintiff's July 5, 2007 request was untimely, yet he now files a Motion for an Order Compelling Discovery in which he alleges that these Defendants responses refused to respond to his interrogatories [68]. The plaintiff's motion to compel is untimely. His motion simply was not filed within the appropriate time frame.

      Turning to the Plaintiff's second Motion to Compel Production of Documents [69], the Defendants provided their Response, including objections, to the Plaintiff's First Set of Interrogatories on May 17, 2007 and again on June 25, 2007. Further, the Defendants assert that they have provided all the requested documents that were relevant and that did not pose security concerns and have produced more than 100 pages of documents, including, but not limited to, the incident reports and disciplinary documents related to the two incidents in question, Plaintiff's relevant medical records, and Plaintiff's grievances and letters regarding the incidents. Further, the Defendants provided additional documents on August 14, 2007. Defendants Objections and Responses to Plaintiff's First Request for Production of Documents are attached to their Response [73] as Exhibits A, B and C. The Defendants Objections and Responses to Plaintiff's Second Request for Production, attached as Exhibits D and E, were mailed to the

Plaintiff on May 17, 2007 and June 25, 2007, respectively. Defendant Battles' Objections and Responses to Plaintiff's First Request for Interrogatories and Production of Documents, attached as Exhibits F and G, were mailed to the Plaintiff on June 24, 2007 and July 16, 2007, respectively. Plaintiff now files a Motion to Compel Discovery in which he alleges that Defendants have not provided him with documents in response to his both sets of Requests for Production, as well as the request to produce directed to Defendant Battles [69]. As an initial matter, Plaintiff's Motion to Compel is untimely to everything except the Defendants' August 14, 2007 production. Therefore, Plaintiff's Motion to Compel is denied as untimely, except to the Defendants' August 14, 2007 Production.

Turning to the Defendants' August 14, 2007 Production, the court notes that it is in Response to Plaintiff's First Request for the Production of Documents, specifically Requests numbers 7 and 11.

On Request no. 7, the Plaintiff requests that the Defendants produce any and all documents written or caused to be written by security staff members or Internal Affairs regarding the incidents that transpired on July 26, 2002 and July 30, 2002. In their initial May 17, 2007 response, the Defendants objected to the request because the request was overly broad and sought information not reasonably calculated to lead to the discovery of relevant admissible evidence. Further the Defendants reminded the Plaintiff that they were accused of failing to protect the Plaintiff from Sherman on July 26, 2002 and that consequently events that transpired on July 30, 2002 are not relevant. Further Battles objected because as he is no longer employed by IDOC, Battles no longer has access to IDOC records. On August 14, 2007, the Defendants updated their response by providing the Plaintiff with (1) relevant pages from STG cell moves book (2) Inmate Housing Assignment list dated 7/24/02 (3). The court agrees with the Defendants that the Plaintiff's request is overly broad, but finds that Defendants could have provided produce documents written regarding the July 26, 2002 incident involving Inmate Sherman and the Plaintiff. Further, the Plaintiff alleged that on July 30, 2002, he told the correctional officers about Sherman's July 26, 2002 assault on the Plaintiff, after which the Plaintiff was transferred to a different unit. Any documents of Plaintiff's July 30, 2002 notice to prison staff would be relevant. The Defendants are directed to respond to the Plaintiff's request number 7 by providing relevant documents, except ones that are confidential or security sensitive and to file a notice of compliance within seven days of this order.

Turning to the Plaintiff's Request number 11, he requests that the Defendants produce a copy of any and all statements made by the Plaintiff and inmate Sherman surrounding the confrontation of May 22, 2002 and the assault that stems from July 26, 2002. In response, the Defendants objected to the request, because it sought documents already in Plaintiff's possession and documents that were not in Plaintiff's possession are confidential and security sensitive in nature. Defendants also advised the Plaintiff that he already had copies of any grievances or written statements he had made. Further, Defendants advised the Plaintiff that any written statements by Inmate Sherman would be either in his possession or in his master file and documents in an inmate's master file are confidential by statute and contain security-sensitive information. Further, the Defendants advised the Plaintiff that written statements in Sherman's possession are not in the Defendants' possession. Further Battles objected because as he is no longer employed by IDOC, Battles no longer has access to IDOC records. On August 14, 2007,

the Defendants updated their response by providing the Plaintiff with (1) KSF Declared Form dated 9/13/02 (2) Incident Report dated 8/9/02 (3) Disciplinary Report dated 8/9/02 (4) Adjustment Committee Report dated 8/15/02 (5) Letter from Plaintiff to Fisher dated 9/19/02 (6) Grievance dated 9/13/02 (7) Response to Grievance dated 9/26/02 (8) Letter to Internal Affairs dated 9/29/02 and (9) Plaintiff's Keep Separate Form.  As to written statements made by Sherman, surrounding the confrontation of May 22, 2002 and the assault that stems from July 26, 2002, the Defendants, these statements are relevant to the Plaintiff's lawsuit.  Therefore, Defendants are directed to file a copy of any such statements, under seal, within seven days of this order.

**Based on the foregoing:**

1. **The Plaintiff's motions to compel [68] and [69] are denied, with the exception that the Defendants are directed to respond to the Plaintiff's Request number 7, as noted above, by providing relevant documents to the Plaintiff, except ones that are confidential or security sensitive and Defendants are directed to file a notice of compliance within seven days of this order.**
2. **As to written statements made by Inmate Sherman regarding the relevant July 26, 2002 assault, these statements would be relevant to the Plaintiff's lawsuit. Therefore, Defendants are directed to file a copy of any such statements, under seal, within seven days of this order.**
3. **Sua sponte, the dispositive motion deadline is extended to November 2, 2007.**
4. **The October 24, 2007 final pre-trial conference, via telephone, is rescheduled for January 22, 2008, at 1:30 p.m.**
5. **The October 25, 2007 jury trial is rescheduled for January 24, 2008, 9:00 a.m., via personal appearance before the court in Urbana, Illinois.**
6. **The clerk of the court is directed to issue a writ for the plaintiff's appearance on January 22, 2008 and January 24, 2008.**
6. **The defendants' motion to stay [71] the dispositive motion deadline is rendered moot.**

**Enter this 10th day of October 2007.**

/s/ Harold A. Baker
_____
**Harold A. Baker**
**United States District Court**